IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| NATHAN HOYE, </br></br>    Plaintiff, </br></br> v. </br></br> JOHNSON & JOHNSON, </br></br>    Defendant. | ) </br> ) Civil Action No. 2: 23-cv-1719 </br> ) </br> ) Senior United States District Judge </br> ) Nora Barry Fischer </br> ) </br> ) </br> ) |

## MEMORANDUM ORDER

The above case was initiated on October 2, 2023, by the filing of a Motion for leave to proceed in forma pauperis by Nathan Hoye ("IFP Motion"). (ECF No. 1). Attached to the IFP Motion is a Complaint for a Civil Case which names Johnson & Johnson, the identified manufacturer of Risperdal,[1] as the sole defendant. The Complaint has been lodged pending disposition of the IFP motion.

### I. Procedural and Factual Background

This is Nathan Hoye's fifth lawsuit in which he names either the "manufacturer" of Risperdal or Johnson & Johnson and asserts the manufacturer created a "dangerous medication," specifically Risperdal, which he was prescribed and resulted in him developing gynecomastia. *See Hoye v. Risperdal Drug Lawsuit Source, et al*, Civ. A. No. 18-1013 (W.D. Pa), *Hoye v. Risperdal Manufacturer, et al*, Civ. A. No. 18-1255 (W.D. Pa), *Hoye v. Johnson & Johnson*, Civ. A. No. 23-cv-1636, and *Hoye v. Allegheny County Medical Department, Warden Orlando Harper, and Risperdal Manufacturer,* Civ. A. No. 23-1648 (W.D. Pa). The first two cases were

---

[1] "Risperdal®, . . . is a second-generation antipsychotic prescription medication. It is manufactured and sold by Janssen Pharmaceuticals, Inc., a wholly owned and independently managed subsidiary of Johnson & Johnson Company." *In re Risperdal Litig*, 223 A.3d 633, 654 (Pa. 2019).

filed while Mr. Hoye was a prisoner. His applications for *in forma pauperis* status were denied under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), as it was determined that Mr. Hoye was not under the "imminent danger" exception to the three strikes rule. Both cases were dismissed without prejudice to Mr. Hoye reopening the cases by paying the full statutory and administrative filing fees, which he did not do.

The third and fourth cases were initiated by Mr. Hoye on September 13, 2023, and September 14, 2023, respectively. Because Mr. Hoye was not incarcerated when he filed these two lawsuits, the three-strike provision of the PLRA no longer applied. Mr. Hoye's applications to proceed *in forma pauperis* were granted; however, both lawsuits were dismissed with prejudice under 28 U.S.C. § 1915(e) for failure to state a claim as the claims were time barred by the applicable two-year statute of limitations.[2]

While Civ. A. Nos. 23-1636 and 23-1648 were pending, Mr. Hoye initiated the instant case on October 2, 2023. The factual allegations contained in this latest lawsuit are sparce but mirror the claims made in Civ. A. No. 23-1636:

> Giving me an dangerous medication Risperdal to affect my health (gynesmastia). . . .
>
> Johnson [&] Johnson Company created this dangerous [illegible] Risperdal that developed me on left breast. Please use evidence in case 23-cv-1636 to proceed.

Complaint, Paragraph II – Basis for Jurisdiction and Paragraph III - Statement of Claim (ECF No. 1-2) (quoted verbatim). He alleges his Eighth Amendment rights were violated and seeks $90,000.00 in damages.

---

[2] Mr. Hoye has filed at least additional two lawsuits in this Court in which he alleged that being prescribed Risperdal while incarcerated at Allegheny County Jail violated his rights under the Eighth Amendment. The manufacturer of Risperdal was not a named defendant in these cases: *Hoye v. Allegheny County Medical Staff Dept, et al*, Civ. A. No. 17-0020; and *Hoye v.*

2

**II.     Motion for Leave to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), Mr. Hoye has requested leave to proceed in forma pauperis. "The decision to grant ifp status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed ifp, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); however, an affiant must show the inability to pay the filing and docketing fees, *see Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)." *Taylor,* 261 F. App'x at 400-01.

In the instant motion, Mr. Hoye states he is indigent.  Taking judicial notice of the motions for leave to proceed in forma pauperis filed by Mr. Hoye in his recent cases, it appears Mr. Hoye is unemployed and has no source of income.  Therefore, the Court finds that Mr. Hoye has made the required showing of an inability to pay the fees.  The Motion for leave to proceed in forma pauperis is **GRANTED**.

**III.    Discussion**

Because the IFP motion is granted, the screening provisions of 28 U.S.C. § 1915(e) apply.

1. <u>Duplicative suits are frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i)</u>

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis*, such status is a privilege which may be denied when abused.  After granting IFP status, the Court must dismiss the case sua sponte if (i) the allegation of poverty is untrue, (ii) the action is

---

*Allegheny County Medical Dept.*, Civ. A. No. 20-cv-1438.

frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Banks v. County of Allegheny*, 568 F. Supp.2d 579, 589 (W.D. Pa. 2008) (quoting *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997)).

Specifically, a comparison of the instant Complaint with the Complaint filed in Civ. A. No. 23-1636 reveals that Johnson & Johnson is a named defendant in both cases and the facts alleged in both Complaints are virtually identical. Thus, the instant Complaint is clearly repetitious of a previous Complaint. Civ. A. No. 23-1636 was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted. In the Complaint at bar, Plaintiff again complains that Johnson & Johnson manufactured a "dangerous drug" which had caused him serious adverse side effects. In light of the foregoing, the Court finds the instant Complaint is duplicative or repetitive of Plaintiff's prior case against Defendant Johnson & Johnson. Therefore, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment would be futile.

2. Alternatively, The Claims Are Time-Barred

Alternatively, the claims in this lawsuit are time-barred by the applicable two-year statute of limitations. As noted *supra*, the claims in this case are identical to the claims in Civ. A. No. 23-1636. For this reason, the Court incorporates the *ratio decidendi* applied in *Hoye v. Johnson*

4

*& Johnson*, Civ. A. No. 23-1636, and concludes that the claims in the instant lawsuit are barred by the applicable two-year statute of limitations. Thus, this Complaint fails to state a claim and the Complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

So **ORDERED** this 30th day of October, 2023.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc: **NATHAN HOYE**
2949 NORTH CHARLES STREET
APARTMENT 303
PITTSBURGH, PA 15214
(via U.S. First Class Mail)

5